**DAIEI TRADING CO., INC.,**
**Plaintiff–Appellant,**

v.

**WILLIAMS RICE MILLING CO.,**
**Defendant–Appellee.**

**Docket No. 01–7823.**

United States Court of Appeals,
Second Circuit.

Feb. 22, 2002.

John S. Willems, James T. Cain, White & Case, LLP, New York, NY, for Plaintiff–Appellant.

Diane L. Gibson, Esq., Squires, Sanders & Dempsey, LLP, San Francisco, CA, for Defendant–Appellee.

Present VAN GRAAFEILAND, KATZMANN, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is VACATED & REMANDED.

Plaintiff Daiei Trading Co., Inc. ("Daiei") appeals from the judgment of the United States District Court for the Southern District of New York (Wood, J.), dismissing its diversity action for breach of contract against Williams Rice Milling Company ("Williams") under Rule 12(b)(6), Fed.R.Civ.P. In so dismissing Daiei's Amended Complaint, the district court found that Daiei had failed to plead the existence of a valid contract under New York's Statute of Frauds. *See* N.Y. U.C.C. § 2–201(1).

Daiei argues that it was improper for the district court to consider the statute of frauds as a basis for dismissal. "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, *if the defense appears on the face of the complaint.*" *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998) (citing *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994)) (emphasis added).

In this case, the Amended Complaint asserts that "Williams and Daiei entered into a written agreement (the "Agreement")—evidenced by, *inter alia,* a letter dated June 18, 1990, from Williams Vice President Toshiko Plank to Daiei Senior Vice President Tomoki Tsunomori—pursuant to which Daiei agreed to become a distributor of Williams Rice Products in certain northeastern states." Amended Complaint, ¶ 11. The district court reviewed this letter, which was provided in defendant's motion papers,[1] and concluded that this "evidence" failed to indicate the existence of a valid distributorship agreement between Williams and Daiei or to state the quantity of goods to be distributed, as required under § 2–201(1).

Although we agree with the district court that the June 18, 1990 letter is insufficient evidence of the existence of a contract that complies with § 2–201(1), we nevertheless find ourselves unable to conclude that the Amended Complaint "on its face" discloses the existence of a statute of

---

* The Honorable Edward R. Korman, Chief Judge for the Eastern District of New York, sitting by designation.

1. Although this letter was not attached to the Amended Complaint, it is nevertheless incorporated by reference and therefore was properly before the district court in considering defendant's motion to dismiss. *See, e.g., Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999).

frauds defense. The Amended Complaint not only declares that a *written* agreement exists (one of the requirements of distributorship agreements involving more than $500 under New York's statute of frauds), but also indicates, through its use of the term *"inter alia,"* that other evidence is available to support a claim that the parties have entered into a valid distributorship agreement.

We acknowledge, however, that plaintiff's failure to attach, or plead the specific terms of, the claimed agreement is troubling, particularly in light of the fact that it was allowed to amend its original complaint and specifically added an assertion that the aforementioned agreement was "written." Nevertheless, we find that, given the liberality with which we ought to construe pleadings under Rule 8(a) of the Federal Rules of Civil Procedure, *see, e.g., Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), plaintiff's unavailing reference to the June 18, 1990 letter as "evidence" of a written agreement is not equivalent to the kind of statement, found "on the face of the complaint," that authorizes the use of an affirmative defense as a grounds for a motion to dismiss under Rule 12(b)(6).

Accordingly, we vacate the judgment below and remand to the district court to provide plaintiff with a limited opportunity to produce and discover evidence of the written agreement claimed in the Amended Complaint. Given that plaintiff, in response to defendant's motion to dismiss, has already produced further evidence in support of its claim that a valid agreement exists, we expect that the time required for further discovery from both parties will be limited, permitting the defendant to revive its statute of frauds defense quickly, in the form of a motion for summary judg-

ment, but after the filing of responsive pleadings.

